Paul F. MAIDEN, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–15451.

Court of Criminal Appeals of Oklahoma.

Feb. 24, 1971.

W. E. Maddux, Nowata, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge:

Paul F. Maiden, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Nowata County with the crime of Uttering Two or More Bogus Checks Exceeding Twenty Dollars, After Former Conviction of a Felony; his punishment was fixed at ten (10) years imprisonment and from said judgment and sentence, a timely appeal has been perfected to this Court.

Briefly stated, the evidence at the trial adduced that the defendant uttered and delivered three bogus checks, to-wit: a check for $15.00 to the Melton Grocery on September 9, 1968, and two checks, each for $15.00, to the Otasco Store on September 10, 1968. The defendant, on each occasion, made small purchases and received cash. The witnesses testified that they did not see the defendant actually make out the checks.

Ernest Smith, a handwriting expert for the Oklahoma Bureau of Investigation, testified that he compared the three checks with known specimens of the defendant's handwriting, and that they were all written by the same person. Hugh Conine, a banker, testified that the checks in question were presented to his bank for payment and were not honored for the reason that the defendant did not have an account.

The defendant did not testify, nor was any evidence presented in his defense.

The defendant's assignments of error assert that the trial court erred in admitting the checks into evidence and that the verdict is contrary to the evidence in that the State failed to prove that the purported delivery of the checks was in pursuit of a common scheme or plan.

The defendant does not cite any authority to support his first proposition that the court erred in admitting the checks into evidence. This Court has consistently held that it is necessary for counsel for defendant not only to assert error, but to support his contentions by both argument and authority and where such is not done, and it is apparent that the defendant has been deprived of no fundamental right, the Court of Criminal Appeals will not search the books for authorities to support the mere assertion that the trial court has erred. Sanders v. State, Okl.Cr., 461 P.2d 964. We, therefore, find this proposition to be without merit.

We are of the opinion that the defendant's final proposition concerning the failure to prove a common scheme or plan is likewise without merit. This Court is of the opinion that a common scheme or plan may be inferred when it is shown that the crimes are related in (1) character, (2) time, (3) place of commission, and (4) that proof of one tends to establish the other.

We are of the opinion that the evidence, in the instant case, does, in fact, establish a common scheme or plan. The checks were all in the same amount. Two were cashed at the same store on the same day, while the other check was cashed the previous day. In each instance a small purchase was made with the balance taken in cash. We, therefore, find this proposition to be without merit.

In conclusion, we observe that the record is free of any error which would justify modification or reversal; the punishment imposed was the minimum allowed by law and we, therefore, are of the opinion that the judgment and sentence should be, and the same is hereby, affirmed.

NIX, J., concurs.

BRETT, Judge (specially concurs):

I concur in this decision, but would modify the sentence, as being excessive, under the facts of the case.